**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

                                  Case No. 13-20122

v.

                                  HONORABLE DENISE PAGE HOOD

JAJUAN MARTINEZ LEWIS

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S ORAL MOTION IN LIMINE TO PRECLUDE REFERENCE TO NARCOTICS

Defendant Jajuan Martinez Lewis was indicted by a grand jury on the charge of Felon in Possession of a Firearm, in violation on 18 U.S.C. § 922(g).  The original indictment was dismissed without prejudice on February 5, 2013.  On February 14, 2013, Defendant was again indicted on the same charge based on the same underlying facts.  This matter is before the Court on the Defendant's Oral Motion in Limine to Preclude Reference to Narcotics.   A hearing was held on the Motion on January 20, 2015.

The Federal Rules of Evidence do not explicitly authorize in limine rulings, but the practice was developed pursuant to a district court's inherent authority to manage the course of trials.  *Luce v. United States,* 469 U.S. 38, 31 (1984).  It is within the district court's discretion to make an in limine ruling on evidentiary

matters, but there is no right to an in limine ruling. *Huddleston v. United States,* 485 U.S. 681, 688-89 (1988). A motion in limine ruling is nothing more than a preliminary opinion which allows the parties to formulate trial strategy. *United States v. Yannott,* 42 F.3d 999, 1097 (6th Cir. 1994). The trial court is not bound by an in limine ruling and can change its determination during the trial where sufficient facts have developed to warrant the change or even if nothing unexpected happens at trial. *Id.*; *Luce*, 469 U.S. at 41-42). In analyzing a motion in limine, the trial court considers issues of relevance, admissibility and prejudice.

Rule 401 of the Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." The standard set forth in Rule 401 is a liberal one. *Churchwell v. Bluegrass Marine, Inc.,* 444 F.3d 898, 905 (6th Cir. 2006). Rule 402 states that "all relevant evidence is admissible, except as otherwise provided ..." and that "evidence which is not relevant is not admissible." Rule 403 states that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Trial courts have broad discretion in determining whether to admit evidence based on considerations of relevance,

materiality and prejudice. *United States v. Jackson-Randolph,* 282 F.3d 369, 376 (6th Cir. 2002).

Defendant argued that the probative value of identifying the officers that executed the search of the house as narcotics officers is outweighed by the danger of unfair prejudice and misleading the jury. Defendant also argued that since the indictment did not include any charges for crimes involving narcotics, the Government should be precluded from mentioning narcotics. In response, the Government argued that it will be necessary to clarify to the jury that the officers were narcotics officers in order to avoid confusion as to why the officers were wearing face masks and why they did not take photographs of the firearm at the location it was discovered.

If the Government was permitted to identify the officers as narcotics officers, there is a significant danger that the jury will associate the Defendant with a narcotics crime. The Court finds that the probative value of identifying the officers as narcotics officers is outweighed by the danger of unfair prejudice and misleading the jury. The Government has not provided any reasons for mentioning the use of face masks by the officers. However, should the issue of face masks arise, the fact that the officers work "under cover" would be sufficient. It will also be sufficient to explain to the jury that at the time the search warrant was executed,

3

the officers were not required or equipped to take photographs of the firearms they confiscated in their original locations.

Accordingly,

**IT IS ORDERED** Defendant's Oral Motion in Limine to Preclude Reference to Narcotics is **GRANTED**.

Dated: January 23, 2015                           s/Denise Page Hood
                                                  Denise Page Hood
                                                  United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 23, 2015, by electronic and/or ordinary mail.

                    s/Julie Owens acting in the absence LaShawn R. Saulsberry
                    Case Manager