UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 13-20122

v.

HONORABLE DENISE PAGE HOOD

JAJUAN MARTINEZ LEWIS

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S AMENDED MOTION FOR JUDGMENT OF ACQUITTAL AND/OR MOTION TO VACATE THE JUDGMENT AND FOR A NEW TRIAL

This matter comes before the Court on Defendant Jajuan Martinez Lewis' ("Defendant") Motion for Judgment of Acquittal pursuant to Fed. R. Crim. P. 29(b) and/or Motion to Vacate the Judgment and for a New Trial pursuant to Fed. R. Crim. P. 33(b)(1) **[Docket No. 74, filed June 25, 2015]**. The Government filed a Response to the Motion **[Docket No. 76, filed June 29, 2015]**. Defendant filed a Reply to the Response **[Docket No. 78, filed July 23, 2015]**.

### I.    Background

Defendant was indicted on February 14, 2013, and charged with violating 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm. On February 3, 2015, a jury convicted Defendant on Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

**II.     Analysis**

   **A. Motion for Judgment of Acquittal**

Defendant requests a judgment of acquittal under Fed. R. Crim. P. 29 based on insufficient evidence to support a conviction.  To support a motion for judgment of acquittal the court must consider, "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Caseer*, 399 F.3d 828, 839-40 (6th Cir. 2005); *Jackson v. Virginia,* 443 U.S. 307, 319 (1979).  A defendant claiming insufficiency of the evidence bears a heavy burden.  *United States v. Jackson*, 473 F.33d 660, 669 (6th Cir. 2007).  The Court is bound to make all reasonable inferences and credibility choices in support of the jury's verdict.  *Id*. at 669-70.  The question is merely one of legal sufficiency; the court does not substitute its judgment for that of the jury, independently weigh the evidence, or judge the credibility of trial witnesses.  *United States v. Ramirez,* 635 F.3d 249, 255-56 (6th Cir. 2011).  There is a strong presumption in favor of sustaining a jury conviction.  *United States v. Peters,* 15 F.3d 540, 544 (6th Cir. 1994).

"A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1).  A jury convicted Defendant on

February 3, 2015. Plaintiff filed a Motion for Judgment of Acquittal on June 23, 2015 **[Docket No. 72]**, and then an Amended Motion for Judgment of Acquittal on June 25, 2015 **[Docket No. 73]**. The Motion was filed over four months after the guilty verdict, and as such is untimely pursuant to Fed. R. Crim. P. 29(c)(1). Plaintiff's Motion for Judgment of Acquittal is denied.

### B. Motion for a New Trial

Alternatively, Defendant Lewis seeks a new trial under Rule 33 "based upon newly acquired evidence." Fed. R. Crim. P. 33 (b)(1) states, "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty."

To obtain a new trial based on newly discovered evidence, a defendant must show: (1) the evidence was discovered after trial; (2) the failure to learn of the evidence at the time of trial was not due to the defendant's lack of diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial would probably produce an acquittal if the case were retried. *United States v. Barlow,* 693 F.2d 954, 966 (6th Cir.1982). Newly discovered evidence is "evidence not known by the defendant at the time of trial." *United States v. Seago,* 930 F .2d 482, 488 (6th Cir.1991). A new trial is not warranted where "newly discovered evidence" could have been discovered earlier by the defendant. *United States v. Turner,* 995 F.2d 1357 (6th Cir.1993). Evidence is material under *Brady* if

a reasonable probability exists that, had the evidence been disclosed it would have led to an acquittal. *United States v. Bagley,* 473 U.S. 667, 676 (1985).

In general, motions for a new trial are disfavored and should be granted with caution. 930 F.2d at 488. A district court's decision to admit or exclude evidence is reviewed for abuse of discretion and, even if an abuse is found, a new trial is not required unless the defendant's substantial rights were affected by the admission or exclusion of the evidence. *See United States v. Bonds,* 12 F.3d 540, 554 (6th Cir. 1993); Fed. R. Crim. P. 52(a).

Defendant alleges the Government failed to provide information regarding a civil action filed in the U.S. District Court for the Eastern District of Michigan[1] that alleges Sgt. Rebecca McKay planted evidence and that the failure to disclose such information is a *Brady* violation. Plaintiff Lewis had claimed and argued that the weapon found in his bedroom was "planted" evidence. Sgt. McKay testified in Defendant's case, testifying at a hearing on a Motion to Suppress and at trial. Plaintiff argues the newly discovered evidence, the allegation in the civil case that Sgt. McKay planted evidence, undermines the credibility of Sgt. McKay and fellow task force officers as witnesses, and supports his argument that the gun was placed at the home by someone other than himself. Plaintiff argues the

---

[1] *See Southwest Metals Inc. v. City of* Detroit*,* No. 2:15-CV-11080*,* Doc. 1, filed Mar. 23, 2015.

Government was required to disclose this information to defense counsel prior to cross-examination of the Government witnesses pursuant to *Giglio v. United States*, 405 U.S. 150 (1972).

In its Response, the Government argues that the civil lawsuit against Sgt. McKay was filed in March, 2015, after the jury verdict in this case. The Internal Affairs Section of the Detroit Police Department received a complaint and the Government concedes it is possible that the information could have been possessed prior to trial. The Government argues, however, this information is inadmissible evidence and would not have changed the outcome of the case. According to the Government, Sgt. McKay only entered the residence after the gun was retrieved and was primarily concerned with the search warrant and photographing the Defendant's bedroom.

At the hearing on the Motion to Suppress, Sgt. McKay testified about her involvement in obtaining the search warrant and providing a copy of the search warrant to Defendant on the day the search warrant was executed. During the trial, Sgt. McKay testified about the search warrant and photographing the Defendant's bedroom. Officers Kleinsorge and Officer Williams testified that they found the gun in the upstairs bedroom. Sgt. McKay testified that she entered the premises after the gun had been recovered.

*Brady v. Maryland* holds that the government's failure to disclose evidence favorable to the accused in a criminal case violates due process, if the evidence is material to guilt or sentencing. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Giglio v. United States* extends the *Brady* rule "to evidence which could be used to impeach the credibility of a government witness." *United States v. Hayes*, 376 F. Supp. 2d 736, 738 (E.D. Mich. 2005) (citing *Giglio,* 405 U.S. at 154-55). "Evidence is 'material' for purposes of *Brady* and *Giglio* if 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Hayes*, 376 F. Supp. 2d 736, 738 (E.D. Mich. 2005) (citations omitted).

Although the Sixth Circuit has not addressed the issue of whether mere allegations of police misconduct are admissible for impeachment purposes, the Court has compelled the disclosure of allegations of police misconduct and criminal activity where an officer had been indicted and was being prosecuted. *United States v. Hayes*, 376 F. Supp. 2d at 742. In *Hayes*, the officer who had been indicted was the only witness who linked defendant to the gun. *Id.* at 741. The Court held that his credibility was of "paramount importance to the question of guilt or innocence." *Id.* In this case, a complaint was sent to the Internal Affairs Section of the Detroit Police Department against Sgt. McKay on December 30, 2014 (Def.'s Reply to the Resp., Ex. 1, "Southwest Metal Certified Letter to DPD

6

Internal Affairs"). There has been no indictment or criminal complaint. A civil lawsuit was filed in federal court on March 23, 2015. Defendant's trial concluded on February 3, 2015. The hearing on the Motion to Suppress was held on September 9, 2014, September 19, 2014, November 7, 2014, and November 21, 2014.

Defendant has satisfied the first two prongs of the *Barlow* test. Defendant discovered evidence of the pending civil trial and complaint after trial. Defendant's failure to learn of the evidence at the time of trial was not due to the defendant's lack of diligence since the civil lawsuit had not been filed and there is no indication the complaint was made public.

Defendant has failed to satisfy the third and fourth prongs of the *Barlow* test. The evidence of the complaint and civil trial is impeaching evidence since it goes to the credibility of Sgt. McKay as a witness, and evidence that is merely impeaching may not serve as the basis of a new trial pursuant to *Barlow*. 693 F.2d at 966. Defendant has also failed to establish that a new trial would probably produce an acquittal if the case were retried. Sgt. McKay was not the only witness at trial. Other officers testified at trial that they searched Defendant's bedroom and found a loaded firearm prior to Sgt. McKay entering the residence. Defendant does not argue that the allegations in the civil lawsuit against Sgt. McKay apply to the other officers involved in this case. Because Defendant has failed to satisfy the

*Barlow* test, the Court denies Defendant's Motion for a New Trial without prejudice.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment of Acquittal pursuant to Fed. R. Crim. P. 29(b) and/or Motion to Vacate the Judgment and for a New Trial pursuant to Fed.R. Crim. P. 33(b)(1) **[Docket No. 74, filed June 25, 2015]** is **DENIED** without prejudice.

**IT IS SO ORDERED.**

                        **S/Denise Page Hood**
                        **Denise Page Hood**
                        **United States District Judge**

**Dated:  August 13, 2015**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on August 13, 2015, by electronic and/or ordinary mail.**

                        **S/LaShawn R. Saulsberry**
                        **Case Manager**