UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAJUAN MARTINEZ LEWIS,

    DEFENDANT-PETITIONER,    CASE NO. 13-20122
                                    HON. DENISE PAGE HOOD

v.

UNITED STATES,

    PLAINTIFF-RESPONDENT.
_____/

## ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE [#110] AND DENYING CERTIFICATE OF APPEALABILITY

**I. BACKGROUND**

    **A. Procedural Background**

On January 4, 2012, Defendant Jajuan Martinez Lewis ("Lewis") was charged in an Indictment with one count of Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1)). The original indictment was dismissed without prejudice on February 5, 2013 (United States v. Jajuan Martinez Lewis, No. 12-20006 (*Lewis I*)). On February 14, 2013, Lewis was again indicted on the same charge based on the same underlying facts. (Doc # 9) On February 3, 2015, a jury found Lewis guilty. The Court sentenced Lewis to be imprisoned for a total term of 63 months, followed by supervised release for a term of two years. The Court entered a

1

Judgment on November 6, 2015. (Doc # 83) Lewis filed an appeal challenging the sufficiency of the evidence used against him, and argued that the district court abused its discretion by allowing two probation officers to testify during trial. The United States Court of Appeals for the Sixth Circuit found Lewis's challenges without merit, and affirmed the judgment. (Doc # 108)

Defendant filed an initial Motion to Suppress in the first case, which was heard, and denied by the court in February 2013. Defendant, represented by new counsel, filed a new Motion to Suppress, which was also heard, and denied by this Court on January 9, 2017. (Doc # 57)

The background of the investigation that led to the search warrant and the search itself is more fully discussed in this Court's previous opinion denying the first motion to suppress and is incorporated herein by reference to the extent necessary for background. Order Denying Motion to Suppress, United States v. Jajuan Martinez Lewis, No. 12-20006 (Feb. 5, 2013) (Doc # 29).

On June 7, 2017, Lewis filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, arguing that his Appellate Counsel was ineffective for his failure to make the following arguments on appeal: (1) the search warrant was issued without probable cause; (2) the firearm should have been suppressed due to DTE Energy unlawfully inspecting the energy meter outside Lewis's home at the behest of the Detroit Police Department ("DPD"); (3)

the firearm should have been suppressed due to the DPD officers entering Lewis's home before they had a search warrant; (4) the case should have been dismissed with prejudice for a speedy trial violation. (Doc # 110, Pg ID 8-9) Lewis also argues that his Trial Counsel was ineffective for the following reasons: (1) he failed to argue that the seizure of the firearm exceeded the scope of the warrant; (2) he did not object to the staleness of the warrant; (3) he did not argue that the warrant was based on false pretenses; and (4) he failed to cite the case law that would have supported Lewis's sentence of home confinement argument. (Doc # 110, Pg ID 14-23) The Government filed a Response on September 27, 2017. (Doc # 117) Lewis filed a Reply on October 25, 2017. (Doc # 121)

For the reasons set forth below, Lewis's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**.

## II. ANALYSIS

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). Motions brought under Section 2255 are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996, generally running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2253(f)(1); *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001). As an initial matter, the Court notes that Lewis's Motion was timely filed.

To prevail on a Section 2255 motion, the movant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

### A. Ineffective Assistance of Appellate Counsel

Lewis argues that his Appellate Counsel was ineffective because he failed to raise preserved meritorious claims that were clearly stronger than those raised on appeal. (Doc # 110, Pg ID 8–9) The Government responds that Lewis's argument fails because Lewis's Appellate Counsel made a reasonable decision to focus on the sufficiency of the evidence and other issues at trial. (Doc # 117, Pg ID 12)

Under the Sixth Amendment, a defendant has a right to "have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. A defendant has a right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two-prong test to show ineffective assistance of counsel: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* "There is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220

(6th Cir. 1989). In addition, a "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). A defendant is generally precluded from arguing issues via a § 2255 motion that he failed to raise on direct appeal unless he can first demonstrate either cause, actual prejudice, or actual innocence. *Bousley v. U.S.*, 523 U.S. 614, 622 (1998). To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The defendant bears the burden of showing that counsel was so deficient and that prejudice resulted from counsel's errors. *Id.* at 686-87.

The right of effective assistance of counsel is attached to a defendant's first appeal of right. *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (citation omitted). Appellate counsel is not required to raise every nonfrivolous claim on direct appeal. *Id.* (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). "Winnowing out weaker arguments on appeal" is "the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (citation omitted). The presumption of effective assistance of counsel will be overcome *only* when ignored issues are

clearly stronger than those presented by appellate counsel. *Monzo,* 281 F.3d at 579 (citation omitted).

Lewis argues that his Appellate Counsel should have presented his preserved arguments from his Motion to Suppress that was denied by this Court in *Lewis I*, which argued (1) the search warrant was not supported by probable cause and (2) the DTE employee's examination of the energy meter outside of Lewis's residence violated his Fourth Amendment rights.

Regarding probable cause, this Court previously held that there was probable cause for the warrant in *Lewis I*. Order Denying Motion to Suppress, United States v. Jajuan Martinez Lewis, No. 12-20006 (Feb. 5, 2013) (Doc # 29, Pg ID 4). Lewis has not presented any new or different evidence or case law to convince this Court that this argument was clearly stronger than the issues Appellate Counsel chose to raise on appeal.

This Court did not provide an explanation regarding Lewis's second argument in its Order denying Lewis's Motion to Suppress in *Lewis I*. For completeness, this Court will now address that argument. The Fourth Amendment protects individuals against unreasonable searches and seizures conducted by the government. The Fourth Amendment's protection is "wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any

governmental official." *United States v. Jacobsen*, 466 U.S. 109, 113-14 (1984) (internal quotations and citation omitted).

The Sixth Circuit stated that a private search will not be deemed a government search merely because there was antecedent contact between the private actor and the government. *United States v. Coleman*, 628 F.2d 961, 965 (6th Cir. 1980). When determining whether a private actor was acting as an agent of the government while conducting a search, a court should consider "(1) the government's knowledge or acquiescence, and (2) the intent of the party performing the search." *United States v. Howard*, 752 F.2d 220, 227 (6th Cir. 1985). "Where the intent of the private party conducting the search is *entirely independent* of the government's intent to collect evidence for use in a criminal prosecution, [a court should] hold that the private party is not an agent of the government." *United States v. Howard*, 752 F.2d 220, 227 (6th Cir. 1985).

Lewis argues the DTE Corporate Security Officer acted as a government agent when he went to Lewis's residence to investigate the electric service. This Court disagrees. Lewis has presented facts sufficient to establish that DPD officers knew of and acquiesced in the inspection of the energy meter. The DTE officer, however, entered the property for the legitimate purpose of investigating whether electricity was being stolen. *See United States v. Sanchez-Paz*, 402 F. App'x 498, 499 (11th Cir. 2010) ("[The employee of the energy company] entered the property

7

for the private and legitimate purpose of investigating whether electricity was being stolen."). Lewis concedes as much in the present Motion. (Doc # 110, Pg ID 4) DTE employees are permitted to inspect, examine, fix, and maintain electrical meters owned by the company which are located outside of homes and used to provide utility services. Although the meter was likely located within the curtilage of the home, the inspection of the energy meter did not violate Lewis's Fourth Amendment rights.

Lewis's Appellate Counsel's decision to ignore this argument, in light of this Court's prior Order denying the Motion to Suppress in *Lewis I*, was reasonable given that "[a] denial of a motion to suppress will be affirmed if the district court's conclusion can be justified for any reason." *United States v. Pasquarille*, 20 F.3d 682, 685 (6th Cir. 1994). Lewis has not presented any new or different evidence or case law to convince this Court that this argument was clearly stronger than the issues Appellate Counsel chose to raise on appeal.

Lewis argues his Appellate Counsel should have presented the preserved argument from his Motion to Suppress that was denied by this Court in the present case (Doc # 39), which argued the firearm should have been suppressed due to the DPD officers entering Lewis's home before they had a search warrant. Lewis has not presented any new or different evidence or case law to convince this Court that

the Sixth Circuit would have ruled differently, or that this argument was clearly stronger than the issues Appellate Counsel chose to raise on appeal.

Lewis argues his Appellate Counsel should have raised the preserved issue of whether this Court properly dismissed the indictment without prejudice in *Lewis I* for a violation of Lewis's Sixth Amendment right to speedy trial. The Speedy Trial Act neither specifies nor contains any presumption as to whether a dismissal under the act should be with or without prejudice. *United States v. Robinson*, 389 F.3d 582, 586 (6th Cir. 2004); *see* 18 U.S.C. § 3162(a)(2). A court should make the determination based on three factors: (1) the seriousness of the offense, (2) the facts and circumstances of the case which led to dismissal, and (3) "the impact of reprosecution on the administration" of justice. 18 U.S.C. § 3162(a)(2). "A trial court's with-prejudice or without-prejudice determination receives deference." *United States v. Myers*, 666 F.3d 402, 406 (6th Cir. 2012) (citing *United States v. Taylor*, 487 U.S. 326, 334 (1988)). "If the reviewing court finds that the district court properly considered the statutory factors, the district court's 'judgment of how opposing considerations balance should not lightly be disturbed.'" *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000) (quoting *Taylor*, 487 U.S. at 337).

This Court considered each of the statutory factors. First, a felon in possession of a firearm is a serious offense. Second, this Court noted "the

Government has not exhibited any bad faith or willful neglect in bringing the matter to trial." (Order Granting in Part Defendant's Motion to Dismiss, United States v. Jajuan Martinez Lewis, No. 12-20006 (Feb. 5, 2013) (Doc # 30, Pg ID 7)) The Court added that the violation was attributable to delay in "the Court's docket." (*Id.*, Pg ID 7-8) Addressing the third factor, this Court noted that a "[d]ismissal[] with prejudice generally require[s] a showing of a 'truly neglectful attitude,' 'bad faith,' a 'pattern of neglect,' or other serious misconduct, as well as actual prejudice to the defendant." *United States v. Gaskin*, 364 F.3d 438, 470, n.3 (2d Cir. 2004) (citing *United States v. Taylor*, 487 U.S. 326, 338-41 (1988)) (internal citations omitted). Lewis has not attempted to establish any neglect, bad faith, or prejudice. "[T]he Speedy Trial Clause does not . . . encompass a 'right not to be tried' . . . ." *United States v. Bilsky*, 664 F.2d 613, 617 (6th Cir. 1981) (quoting *United States v. MacDonald*, 435 U.S. 850, 861 (1978)). Lewis has not presented any new or different evidence or case law to convince this Court that this argument was clearly stronger than the issues Appellate Counsel chose to raise on appeal. Lewis has failed to establish that his Appellate Counsel was ineffective.

**B. Ineffective Assistance of Trial Counsel**

Lewis also argues that his Trial Counsel was ineffective because: (1) he failed to argue that the seizure of the firearm exceeded the scope of the warrant; (2) he did not object to the staleness of the warrant; (3) he did not argue that the

warrant was based on false pretenses; and (4) he failed to cite the case law that would have supported Lewis's sentence of home confinement argument. (Doc # 110, Pg ID 14-23). The Government argues Lewis cannot show his Trial Counsel was constitutionally ineffective because his counsel has already presented these meritless arguments. Lewis cannot show that his Trial Counsel's performance was constitutionally deficient.

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court articulated a two-prong test to show ineffective assistance of counsel at the trial level:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id.*

Lewis contends that his Trial Counsel should have argued that the firearm found by the officers searching his residence should have been suppressed because the scope of the warrant was limited to searching for evidence of stolen electricity. It is well settled, however, that "objects falling into the plain view of an officer who has a right to be in the position to have that view . . . may be introduced in

11

evidence." *Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971). Lewis argues that the Government cannot meet the second prong of the plain view doctrine because mere possession of a gun is not unlawful or "immediately incriminating."

According to the Sixth Circuit, the proper inquiry is "whether [the firearms] discovery under the circumstances would warrant a police officer of reasonable caution in believing that an offense has been or is being committed and that the object is evidence incriminating the accused." *United States v. Truitt*, 521 F.2d 1174, 1177 (6th Cir. 1975). The gun was discovered in a waste basket in a location where evidence of the alleged crime might have reasonably been found, and the officers did not have to expand on the area or time of the search to uncover the firearm. Seeing a firearm in a waste basket after a group of officers entered a home, announced their presence, and began searching the premises would give a reasonable officer probable cause to seize the firearm. *See id.* ("We hold police officers to a standard not of after-acquired statistical probability, but rather to the conduct of 'reasonable men,' acting on facts leading sensibly to their conclusions of probability. The rule of probable cause is a practical, non-technical conception . . . ."). The seizure of the firearm falls properly within the plain view exception.

Regarding Lewis's other arguments challenging the staleness of the warrant, the facts supporting the warrant, and the sentence he received, Lewis cannot satisfy the *Strickland* standard to support his ineffective assistance of counsel claim.

12

Lewis's Trial Counsel did raise the staleness issue and the false pretenses issue in *Lewis I*. (Order Denying Motion to Suppress, United States v. Jajuan Martinez Lewis, No. 12-20006 (Feb. 5, 2013) (Doc # 10, Pg ID 19-20)) This Court considered, and rejected those arguments when it evaluated Lewis's Motion to Suppress in that case.

On the issue of sentencing, Lewis is correct in stating, in *United States v. Crouse*, 145 F.3d 786 (6th Cir. 1998), the Sixth Circuit found that a sentencing court may consider time spent on tether and/or home confinement when deciding whether to grant a departure. Home confinement, however, was not the primary basis for the departure in *Crouse*. The Sixth Circuit found that the defendant's civic contributions, not his home confinement, was the only permissible ground for departure considered by the sentencing court in that case. "Before a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline." *Koon v. United States*, 518 U.S. 81, 98 (1996). Lewis has not directed this Court to any factors beyond mere home confinement to support his assertion that "it is more likely than not" this Court would have given him credit for time spent on tether and/or home confinement.

Even if this Court accepts Lewis's view that his Trial Counsel's decision not to argue these issues in the present case were errors of a constitutional nature,

Lewis cannot establish that those decisions prejudiced him. Lewis has failed to establish that his Trial Counsel was ineffective.

**C. Summary**

Based on the above analysis, the Court finds that Lewis has failed to show the decisions made by his Appellate Counsel and Trial Counsel prejudiced him. Lewis is not entitled to relief under 28 U.S.C. § 2255.

**III. CERTIFICATE OF APPEALABILITY**

Rule 22 of the Federal Rules of Appellate Procedure provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253(c)(2). Rule 11 of the Rules Governing Section 2255 Proceedings requires that a district court issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a court issues a certificate of appealability, the court must state the specific issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). 28 U.S.C. § 2255(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability will not be issued in this case because, as discussed above, the arguments raised by Lewis in his Section 2255 Motion are

without merit. For this same reason, the Court will not appoint counsel for an appeal.

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Jajuan Martinez Lewis's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc # 110) is **DENIED**.

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

                                S/Denise Page Hood  
                                Denise Page Hood  
                                Chief Judge, United States District Court

Dated: January 16, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 16, 2018, by electronic and/or ordinary mail.

                                S/LaShawn R. Saulsberry  
                                Case Manager