# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       PLAINTIFF-RESPONDENT,       CASE NO. 13-20122
                                                        CIVIL CASE NO. 17-11819
                                                        HON. DENISE PAGE HOOD

v.

JAJUAN MARTINEZ LEWIS,

       DEFENDANT-PETITIONER.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT [#124]

This matter is before the Court on Defendant Jajuan Martinez Lewis's ("Lewis") *pro se* Motion to Alter or Amend Judgement filed on February 14, 2018. (Doc # 124) On January 16, 2018, this Court entered an Order denying Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, and denying certificate of appealability. (Doc # 122) Lewis argues that this Court erred in denying his § 2255 Motion because his trial counsel failed to cite United States Sentencing Guidelines § 5C.1.1(e)(3), which would have made the Court aware it has the discretion to give credit for time served at the sentencing stage. Lewis's Motion to Alter or Amend Judgment is **DENIED**.

I. ANALYSIS

A. Standard of Review

Lewis' Motion is a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). "A motion to alter or amend a judgement must be filed no later than 28 days after entry of judgment." Fed. R. Civ. P. 59(e). Relief may be granted under Rule 59(e) to: (1) accommodate an intervening change in controlling law; (2) account for new evidence which was not previously available at trial; or, (3) correct a clear error of law or to prevent manifest injustice. *United States v. Johnson*, No. 02-80810, 2018 WL 646872, at *1 (E.D. Mich Jan 31, 2018).

A motion brought under Rule 59(e) may be properly analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *United States v. Savage*, 99 F. App'x 583, 585 (6th Cir. 2004); *see Thomas v. State of Michigan*, No. 2:17-CV-13756, 2018 WL 2948029, at *1 (E.D. Mich. June 13, 2018). A motion for reconsideration that merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *United States v. Savage*, 99 F. App'x at 583, 585. A Motion to alter or amend judgment is aimed at "reconsideration of issues that were presented in federal district court, not initial consideration of issues that were not raised in district court." *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466 (6th Cir. 2007).

Pursuant to the Local Rules of the Eastern District of Michigan, any motion for reconsideration must be filed within 14 days after entry of the judgement or order. E.D. Mich. LR 7.1(h)(1). Unless the court permits otherwise, no response to the motion and no oral argument are permitted. *Id.* at 7.1(h)(2). Lewis's Motion is timely under Rule 59(e).

Local Rule 7.1 States:

> (3) **Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id.* at 7.1(h)(3).

A movant demonstrates a "palpable defect" if he is able to prove (1) the court and the parties have been misled; and (2) show that correcting the defect will lead to a different disposition of the case. *Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

### B. Palpable Defect

Lewis argues that this Court erred in denying his § 2255 Motion, maintaining that, pursuant to U.S.S.G. § 5C1.1(e)(3), the Court could have given him credit for time served due to his home confinement while on pretrial release. Lewis asserts that his counsel's performance was deficient for his failure to bring § 5C1.1(e)(3) to the Court's attention. Lewis's argument lacks merit.

A defendant has a right to "reasonably effective assistance of counsel" under the Sixth Amendment of the U.S. Constitution. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Supreme Court in *Strickland* articulated a two-prong test to show ineffective assistance of counsel: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* "There is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (1989). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Bowen v. Jones*, 463 F. App'x 514, 521 (6th Cir. 2012) (quoting *Strickland*, 466 U.S., at 691). The standard requires a showing that, but for the counsel's performance, there is a "reasonable probability" the results of the proceeding would have been different. *Id.* at 694.

Lewis argues that, due to his time on home confinement, this Court had the discretion to grant him credit for time served at the sentencing stage. (Doc # 124, Pg. 4) His position is incorrect. Following the Supreme Court's holding in *United States v. Wilson*, 503 U.S. 329, 333 (1992), this Court could not have addressed a calculation of credit for Lewis. The Supreme Court held that it is not the district

court, but the Attorney General, through the Bureau of Prisons ("BOP"), who has the authority to grant credit for time served. *Id.* (construing 18 U.S.C. § 3585(b)—which allows a defendant to receive credit for detention). "[T]he computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing." *Id.* Lewis noted that the Court acknowledged his argument that he should receive credit for time served. The Court, however, correctly concluded that Lewis's credit determination should be completed by the BOP. (Doc # 94, Pg. 30–31) His attorney's performance was not deficient for failure to cite U.S.S.G. § 5C1.1(e)(3) because the Court did not have discretion to grant Lewis credit. In addition, Lewis did not suffer any prejudice. Lewis has not identified a palpable defect the Court should correct.

### C. Rule 59(e) Relief

Consistent with the above analysis, Lewis has failed to show grounds for granting relief under Rule 59(e). Lewis's Motion to Alter or Amend Judgement is **DENIED**.

## II. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Jajuan Martinez Lewis's Motion to Alter or Amend Judgement (Doc # 124) is **DENIED**.

<u>S/Denise Page Hood</u>
Denise Page Hood
Chief Judge, United States District Court

Dated: August 10, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 10, 2018, by electronic and/or ordinary mail.

<u>S/LaShawn R. Saulsberry</u>
Case Manager